**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No.    1209016860 |
| | ) | |
| | ) | |
| ANGEL ORTIZ, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: August 19, 2015
Decided: September 24, 2015

**COMMISSIONER'S REPORT AND RECOMMENDATION THAT**

**DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF
SHOULD BE DENIED.**

Joseph Grubb, Esquire, Delaware Department of Justice, 820 N. French St. 7th Floor, Criminal Division, Wilmington, Delaware, 19801, Attorneys for the State.

Angel Ortiz, *pro se*.

**MANNING**, Commissioner

(1) This 24th day of September, 2015, upon consideration of defendant Angel Ortiz's motion for postconviction relief ("Motion"), the Court finds the following:

(2) On November 17, 2014, Ortiz pled guilty to one count of Racketeering in violation of 11 *Del. C*. § 1503(a). Ortiz was immediately sentenced to 20 years Level 5 suspended after two years—the minimum mandatory sentence—followed by 18 months at Level 3 probation. On July 6, 2015, Ortiz timely filed his first *pro se* motion for postconviction relief with this Court.[1]

(3) Ortiz's claims for postconviction relief, in his own words, are as follows:

Ground One: Extrodonairy circumstances. I was not told that at the moment their was an investigation 2013.

Ground Two: No evidentiray hearing. I ask my lawyer to let the Judge know that I want to look at the drugs.

Ground Three: Misconduct From Medical Examiner's Office. The medical examiner misuse their trust an power to steal drugs and violate their powers.

Ground Five: The address of the drugs found was not my residents I told my lawyer. I don't know the law an I gave all faith an trust to my lawyer. Illegal search & sizure lawyer told me to remain silent at sentencing.

(4) To prevail on an ineffective assistance of counsel claim, a defendant must meet the two-pronged *Strickland* test by showing that: (1) counsel performed at a level "below an objective standard of reasonableness" and that, (2) the deficient performance prejudiced the defense.[2] The first prong requires the defendant to show by a preponderance of the evidence that defense counsel was not reasonably competent, while the second prong requires the defendant to show that there is a reasonable probability

---

[1] Ortiz did not file an appeal with the Delaware Supreme Court.
[2] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

that, but for defense counsel's unprofessional errors, the outcome of the proceedings would have been different.[3]

(5)  When a court examines a claim of ineffective assistance of counsel, it may address either prong first; where one prong is not met, the claim may be rejected without contemplating the other prong.[4]  Mere allegations of ineffectiveness will not suffice; instead, a defendant must make and substantiate concrete allegations of actual prejudice.[5] An error by defense counsel, even if professionally unreasonable, does not warrant setting aside the judgment of conviction if the error had no effect on the judgment.[6]

(6)  In considering post-trial attacks on counsel, *Strickland* cautions that trial counsel's performance should be reviewed from the defense counsel's perspective at the time decisions were being made.[7] A fair assessment of attorney performance requires that every effort be made to eliminate the distorting efforts of hindsight.   Second guessing or "Monday morning quarterbacking" should be avoided.[8]

(7)  The indictment against Ortiz encompassed 11 individuals and 31 counts.  In sum, the State alleged that Ortiz was part of a "drug empire" involved in the sale and distribution of heroin and intimidation of various individuals.  At the time of his indictment in this case, Ortiz was serving a four year jail sentence for aggravated menacing, possession of a deadly weapon during the commission of a felony and

---

[3] *Id.*
[4] *Id.* at 697.
[5] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).
[6] *Strickland*, 466 U.S.at 691.
[7] *Id.*
[8] *Id.*

possession with the intent deliver.[9] According to the State, these offenses were the predicates to the Racketeering indictment against Ortiz.[10]

(8) In his Affidavit, Defense Counsel states he diligently reviewed the discovery materials, including listening to and reviewing the transcripts from hundreds of prison calls. Additionally, Defense Counsel states he examined numerous prison letters from Ortiz, his codefendants, and proffers made by cooperating codefendants. In fact, Ortiz, through recorded prison calls, instructed members of the organization to assault a co-conspirator and stated that he was going to take over the organization when released from prison. In Defense Counsel's opinion, the facts presented by the State clearly supported a Racketeering case.[11]

(9) According to Defense Counsel, after "exhaustive" negotiations with the State, he obtained the plea bargain that Ortiz had requested—Racketeering and a two year Level 5 recommendation.

(10) Ortiz's first claim appears to be that he was not told by Defense Counsel about the investigation at the ME's Office occurring in 2013. Ortiz does not explain how this supposed failure prejudiced his case—he simply makes a bare assertion. However, Defense Counsel attached to his Affidavit a copy of a motion for postconviction relief given to him by Ortiz in June of 2014—five months prior to his guilty plea in this case. In that comprehensive motion, dated June 20, 2014, Ortiz alleged that prior defense counsel was ineffective for not raising the issue of the ME's Office scandal in those

---

[9] Crim. I.D. No. 1109020500 and 1110015118.
[10] Aff. of Defense Counsel at 2.
[11] *Id*.

cases.[12] Thus, contrary to Ortiz's assertions in this Motion, he was indeed *very* well aware of the scandal effecting drug evidence in the ME's Office at the time he accepted the guilty plea in this case. Because Ortiz chose to accept the State's offer in this case, rather than litigate the possibility of tampered drug evidence—which he could have done in the proceedings below—Ortiz's claim is procedurally barred.[13]

(11) Ortiz's second claim is that he asked his lawyer to let him look at the drugs. Ortiz fails to explain how this failure, even if true, prejudiced his case. Furthermore, the Court is curious as to what Ortiz could possibly have gleaned from such an exercise. Did Ortiz wish to somehow verify that the drugs in question were indeed his? Or that, perhaps, the drugs were not the same drugs he arranged for the sale or delivery of? Nothing in the record indicates that Ortiz is a forensic chemist who could have tested or identified the drugs in question. In fact, even if the drugs had been tampered with, in some way, Ortiz would have no way of knowing—he was not arrested in possession of *any* drugs—Ortiz was already incarcerated at the time of his indictment in this case. This claim is vague, fails to allege prejudice, and is conclusory; accordingly, it should be denied.[14]

(12) Ortiz's third claim is in a similar vein as his first—misconduct at the ME's Office. Ortiz's argument consists of the statement that the "medical examiner misuse their trust an [sic] power to steal drugs… ." Again, Ortiz was fully aware of the scandal in the ME's Office at the time he chose to plead guilty. Ortiz could have raised this issue

---

[12] Crim. I.D. No. 1109020500 and 1110015118; both motions are still pending before the Superior Court as of the date of the Order.

[13] *See* Criminal Rule 61(i)(3) Procedural Default. Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of the court, is thereafter barred, unless the movant shows (A) Cause for relief from the procedural default and (B) Prejudice from violation of the movant's rights.

[14] Conclusory allegations are insufficient to establish a claim of ineffective assistance of counsel. *Younger v. State*, 580 A.2d 552, 555 (Del.1990).

prior to trial or his guilty plea, but he did not; thus this claim is also procedurally barred.[15]

(13) Ortiz's final claim concerns drug evidence that was seized by police. Ortiz seems to argue that such evidence was obtained via an illegal search and seizure.[16] However, Ortiz offers no hint in his Motion as to what drug evidence he is referencing, or from where it was seized. Based on this paucity of information, the Court is unable to review Oritz's claim, which, again, is nothing more than a conclusory statement in any event.

For the foregoing reasons, Ortiz's Motion should be DENIED.

**IT IS SO RECOMMENDED.**

/s/ *Bradley V. Manning*
BRADLEY V. MANNING,
Commissioner

oc:    Prothonotary
cc:    Defendant

---

[15] See Criminal Rule 61(i)(3).

[16] Ortiz also added the line "lawyer told me to remain silent at sentencen[ing] [sic]" to the end of this claim. It is not clear to the Court why Ortiz added this statement, but it was apparently good advice as Ortiz was only sentenced to the minimum mandatory period of Level 5 time.